**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF FLORIDA**

**JACKSONVILLE DIVISION**


JACQUELINE SAMUELS,

       Plaintiff,

vs.                                    Case No. 3:08-cv-900-J-HTS[1]

MICHAEL ASTRUE,
Commissioner of Social
Security,

       Defendant.

---

**OPINION AND ORDER**[2]

**I.  Status**

    Jacqueline Teretha Samuels is appealing the Social Security

Administration's denial of her claims for Disability Insurance

Benefits and Supplemental Security Income.  Her alleged inability

to work is based on a "[l]ower back injury[ and] right

leg . . . pain[.]" Transcript of Administrative Proceedings (Tr.)

at 114.  Ms. Samuels was ultimately found not disabled by

Administrative Law Judge (ALJ) Robert Droker on August 30, 2007.

---

[1]     The parties have consented to the exercise of jurisdiction by a
United States Magistrate Judge.   Notice, Consent, and Order of Reference-
Exercise of Jurisdiction by a United States Magistrate Judge (Doc. #13).

[2]     Pursuant to § 205(a)(5) of the E-Government Act of 2002, this order
is available electronically.  It is not otherwise intended for publication or to
serve as precedent.

*Id.* at 14, 22. Claimant has exhausted the available administrative remedies and the case is properly before the Court.

On appeal, Plaintiff argues "[t]he Appeals Council [(AC)] erred when it declined to review the [ALJ's] decision." Memorandum in Support of Plaintiff's Appeal of the Commissioner's Decision (Doc. #10; Memorandum) at 1, 12 (emphasis omitted). Further, she contends "[v]arious findings made by the ALJ regarding the evidence of record and the severity of [her] impairments are not supported by substantial evidence." *Id.* at 1, 23 (emphasis omitted).

## II.  Legal Standard

This Court reviews the Commissioner's final decision as to disability[3] pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Whereas no special deference is accorded the application of legal principles, findings of fact "are conclusive if supported by substantial evidence[.]" *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (internal quotation marks omitted); *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001) (quoting *Falge v. Apfel*, 150 F.3d 1320, 1322 (11th Cir.

---

[3]     "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]"  42 U.S.C. § 423(d)(1)(A); *see* 42 U.S.C. § 1382c(a)(3)(A).  An ALJ must follow the five-step sequential inquiry described in 20 C.F.R. §§ 404.1520, 416.920, determining as appropriate whether the claimant 1) is currently employed; 2) has a severe impairment; 3) is disabled due to an impairment meeting or equaling one listed in the regulations; 4) can perform past work; and 5) retains the ability to perform any work in the national economy.  *See also Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004).

1998)).  Substantial evidence has been defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Falge*, 150 F.3d at 1322 (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see also Ingram*, 496 F.3d at 1260.  Despite the existence of support in the record, the ALJ's determination may not be insulated from remand where there is a "failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted[.]"  *Ingram*, 496 F.3d at 1260 (internal quotation marks omitted); *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

### III.  Discussion

According to Plaintiff, "substantial evidence does not support the AC's decision declining review of the decision of the ALJ."  Memorandum at 13.  She "submits that the AC erroneously concluded," despite the submission of certain new and material evidence, "that the ALJ decision was not contrary to the weight of the evidence."  *Id.* at 14.

> Upon the submission of

> new noncumulative and material evidence to the AC after the ALJ's decision, the AC shall consider such evidence, but only where it relates to the period on or before the date of the ALJ's hearing decision.  Material evidence is evidence that is relevant and probative so that there is a reasonable possibility that it would change the administrative result.  When evidence is submitted for the first time to the AC, that new evidence becomes part

> of the administrative record. The AC considers the
> entire record, including the new, material, and
> chronologically relevant evidence, and will review the
> ALJ's decision if the ALJ's action, findings, or
> conclusion is contrary to the weight of the evidence
> currently of record.

*Smith v. Soc. Sec. Admin.*, 272 F. App'x 789, 800-01 (11th Cir. 2008) (per curiam) (internal quotation marks and citations omitted). If it "denies review after consideration of new evidence, a court should determine whether [20 C.F.R.] § 404.970(b) or § 416.1470(b) has been violated by the denial of review because the law judge's decision is contrary to the weight of the evidence of record, including the new evidence." *Tucker v. Astrue*, No. 8:07-CV-621-T-TGW, 2008 WL 2811170, at *7 (M.D. Fla. July 21, 2008). Upon finding such a violation, the appropriate course "is to remand the matter to the Commissioner so that the administrative review that was improperly denied is undertaken." *Id.*[4]

On September 27, 2007, Plaintiff submitted to the Appeals Council a Physical Residual Functional Capacity Questionnaire (Questionnaire), which had been completed by Dr. Charles M. Day on September 24, 2007. *See* Tr. at 6, 334-38. Upon receiving the Questionnaire, the AC stated it "considered the reasons [Claimant]

---

[4]     "'Section 405(g) permits a district court to remand an application for benefits to the Commissioner . . . by two methods, which are commonly denominated "sentence four remands" and "sentence six remands . . . ."'" *Barclay v. Comm'r of Soc. Sec. Admin.*, 274 F. App'x 738, 743 (11th Cir. 2008) (per curiam) (quoting *Ingram*, 496 F.3d at 1261) (alterations in *Barclay*). "[W]hen 'evidence properly presented to the Appeals Council has been considered by the Commissioner and is part of the administrative record[,]'" a sentence four remand is the proper remedy. *Id.* at 744 (quoting *Ingram*, 496 F.3d at 1269).

disagree[d] with the decision and the additional evidence listed on the enclosed Order of Appeals Council[,]" but ultimately "found no reason . . . to review the [ALJ]'s decision. Therefore [it] denied [the] request for review." *Id.* at 1. Accordingly, "it did not err by failing to consider the new evidence." *Smith*, 272 F. App'x at 801; *see also Barclay v. Comm'r of Soc. Sec. Admin.*, 274 F. App'x 738, 743 (11th Cir. 2008) (per curiam). However, because the AC declined to review the decision, it can be inferred the council held the view that the ALJ's decision was not contrary to the weight of the evidence in the record, including the Questionnaire. *Cf. Couch v. Astrue*, 267 F. App'x 853, 857 (11th Cir. 2008) (per curiam); *Levy v. Astrue*, No. 07-80157-CIV, 2008 WL 4753518, at *24 (S.D. Fla. Oct. 28, 2008).

The Commissioner does not contest that the Questionnaire was new, noncumulative, and material. Nevertheless, it appears the requirements are satisfied. The report, containing opinions from a treating physician,[5] directly contradicts the ALJ's findings in regard to the limitations resulting from Ms. Samuel's physical impairments. *Compare, e.g.,* Tr. at 335 (pain constantly interferes with attention and concentration), 336 (sitting, standing/walking

---

[5]     Unless rejected for good cause, a treating physician's opinion "is entitled to substantial weight[.]" *Ogranaja v. Comm'r of Soc. Sec.*, 186 F. App'x 848, 850 (11th Cir. 2006) (per curiam) (quoting *Edwards v. Sullivan*, 937 F.2d 580, 583 (11th Cir. 1991)); *see also Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004).

limited to a total of less than two hours in an eight-hour workday; lifting restricted to ten pounds rarely and less than ten pounds occasionally), 337 (can never "Stoop (bend)" or "Crouch/squat") *with id.* at 18 (judge's finding of "residual functional capacity to perform light work[6] except [Claimant] must be able to shift positions from sitting and walking[ and] can occasionally bend, crouch, kneel, stoop, squat, or crawl").  The physician considered Claimant's prognosis to be poor.  *Id.* at 334.

Moreover, the Questionnaire specifically indicates that its conclusions apply to the relevant time period.  *See id.* at 338 (stating the "description of symptoms and limitations in this questionnaire [are] applicable as of December, 2004 ([Plaintiff's] alleged onset date of disability)" (emphasis omitted)).  Thus, plainly the medical opinions contained in the report "relate to Claimant's condition at the time that the ALJ issued his determination," *Levy*, 2008 WL 4753518, at *25, and are therefore material.  *Cf. Tucker*, 2008 WL 2811170, at *10 (construing treating physician's opinions regarding functional limitations as material).

---

[6]     "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. §§ 404.1567(b), 416.967(b).  The regulations further explain that, "[e]ven though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." *Id.*  Moreover, "[t]o be considered capable of performing a full or wide range of light work, [a claimant] must have the ability to do substantially all of these activities." *Id.*  SSR 83-10 specifies "the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday."

Hence, it was error for the AC to decline review if the report rendered the ALJ's decision contrary to the weight of the record as a whole.

According to Plaintiff, the judge "essentially adopted in whole the opinion of Dr. Goodpasture, a non-examining physician[.]" Memorandum at 17. "Contrary to Plaintiff's assertions[,]" responds the Commissioner, "the ALJ properly gave 'some weight' to the state agency doctors' opinions[.]" Memorandum in Support of the Commissioner's Decision (Doc. #16; Opposition) at 14. Nevertheless, in making his residual functional capacity (RFC) findings, the ALJ was unable to rely directly upon particularized opinions from a treating physician. He considered "[t]reatment notes from the claimant's primary care physician [to] reveal no acute distress and reasonable response to medication[.]" Tr. at 20. However, he did not have an opportunity to consider the detailed opinions of Dr. Day, which as mentioned differ from the judge's ultimate findings in multiple respects.

It is not clear the opinions expressed by the doctor are inconsistent with his treating notes or completely lacking in objective support. On June 2, 2006, an examination revealed only tenderness of the lumbar spine, and Dr. Day diagnosed lumbago and anemia. *See id.* at 252-53. Still, on September 11, 2006, a limited range of motion was noted and nerve root impingement was

suspected.  *See id.* at 244-45, 322-23.  An MRI thereafter revealed "disc desiccation at L4-L5 with a large central bulge."  *Id.* at 312.  Continued lumbar spine tenderness was noted in December 2006 and January 2007.  *See id.* at 324, 327.  An additional finding of decreased range of motion was noted in March 2007.  *See id.* at 328.  Finally, in May 2007, Dr. Day reported "thoraco/lumbar spine tenderness[ and] decreased" range of motion.  *Id.* at 332 (capitalization omitted).  Treatment from this physician included referral to pain management, *see id.* at 253; the prescription of hydrocodone, *see id.* at 245, 323, and then oxycodone.  *See id.* at 325, 327, 329, 331, 333.  It is also noted Plaintiff had earlier received epidural injections while under the care of Dr. Michael S. Scharf, *see id.* at 190-91, 194, 196, and that Dr. Scharf believed surgical intervention, in the form of disc replacement, was indicated.  *See id.* at 187.

The record contains no other functional assessments from a treating physician, and the nonexaminers whose opinions the ALJ gave weight to apparently developed their impressions without the benefit of the MRI results or a large portion of Dr. Day's notes. *See id.* at 243 (consultant's assessment completed on July 19, 2006); *id.* at 256-57, 262 (consultant's assessment completed on December 5, 2006, several days subsequent to the MRI, but no notation the test results were reviewed).

The Court will not endeavor to determine the appropriate weight that should be afforded the treating physician's opinions. *Cf., e.g., Pauldo v. Astrue*, No. CV 308-011, 2008 WL 5188806, at *7 n.4 (S.D. Ga. Dec. 10, 2008) ("[T]he Court will not usurp the ALJ's fact finding function by imposing a pre-determined interpretation of this new evidence."); *Tucker*, 2008 WL 2811170, at *9 ("How much weight should be given to [a treating physician's] opinions is clearly a matter for the Appeals Council or a law judge to decide. This court simply reviews that determination."). However, as noted previously, "[t]he opinion of a treating physician is entitled to substantial weight unless good cause exists for not heeding the treating physician's diagnosis." *Couch*, 267 F. App'x at 854 (internal quotation marks omitted). Further, "[t]he opinions of nonexamining, reviewing physicians . . . when contrary to those of examining physicians are entitled to little weight in a disability case, and standing alone do not constitute substantial evidence." *Hoffman v. Astrue*, 259 F. App'x 213, 217 (11th Cir. 2007) (per curiam) (second alteration in original; internal quotation marks omitted). It is not immediately obvious that Dr. Day's opinions should be discounted. However, while this matter is being remanded for further proceedings, the Court does not intend to suggest Dr.

Day's opinions must be accepted as true or that Plaintiff should be found disabled.[7]

Yet, the ALJ's determination is contrary to the weight of the evidence if Dr. Day's views are accepted. The nonexamining state agency consultant's RFC findings "cannot outweigh the opinion of Dr. [Day], a treating physician, unless his opinion should subsequently be discounted upon further review." *Tucker*, 2008 WL 2811170, at *10. On remand, the ALJ should be sure to consider the opinions of Dr. Day, and afford them the weight to which they are properly entitled. Additionally, in light of the rendering of treatment including epidural steroid injections, the judge may wish to reassess his characterization of Claimant's "treatment [as] essentially routine and/or conservative in nature." Tr. at 20; *cf*. Memorandum at 23-24; *Hall v. Comm'r of Soc. Sec.*, No. 6:07-cv-1321-Orl-22KRS, 2008 WL 3200282, at *4 (M.D. Fla. Aug. 5, 2008) ("Given [the] lack of response to conservative therapy, [the doctor] planned a trial of epidural steroid injections."); *Tindal v. Astrue*, No. 3:06-cv-1095-J-TEM, 2008 WL 725552, at *10 (M.D. Fla. Mar. 17, 2008) (apart from having "received epidural steroid injections," treatment "mainly . . . conservative or routine"). He also ought to reevaluate whether "the treatment has been generally

_____

        [7]    Rather, some of the reasons currently offered by Defendant for discounting Dr. Day's report, *see*, *e.g.*, Opposition at 5-11, might ultimately serve as a basis for refusing to accept the proposed limitations.

successful in controlling [her] symptoms." Tr. at 20; *cf.* Memorandum at 23-24; Tr. at 187 (continued pain, opinion that Plaintiff "would be an excellent candidate for a disc replacement"), 188 ("a lot of pain"), 190 ("She has her last epidural today, and she says that she is not much better."), 191 (only "a little improved" and "still having pain in the right posterior thigh"), 192 (no significant improvement despite epidural injections), 194 (injection only helpful "for a couple of days"), 218 (continued pain), 250 (Ultram reportedly ineffective for pain), 322 ("continued low back pain and r[ight] sciatica"), 324 (follow up appointment for low back pain), 326 (back pain), 328 ("continued pain in the low back and [right] leg"), 330 (same), 332 (back pain).

### IV. Conclusion

In accordance with the foregoing, the Clerk of the Court is directed to enter a judgment pursuant to sentence four of 42 U.S.C. § 405(g), and as incorporated by 42 U.S.C. § 1383(c)(3), **REVERSING** the Commissioner's decision and remanding with instructions to 1) consider the opinions of Dr. Day, and afford them the weight to which they are properly entitled; 2) reevaluate the extent to which Claimant's treatment has been routine and/or conservative; 3)

reconsider whether her symptoms have been successfully controlled; and 4) conduct any further proceedings deemed appropriate.

**DONE AND ORDERED** at Jacksonville, Florida, this 15th day of June, 2009.

/s/  Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of record
  and pro se parties, if any